HELEN M. KINNEY et al., complainants-respondents,

*v.*

FIDELITY UNION TRUST COMPANY, a trust company of the State of New Jersey, et al., defendant-appellant.

[Argued October 22d, 1940.   Decided February 3d, 1941.]

*Messrs. McDermott, Enright & Carpenter* (*Mr. James D. Carpenter, Jr.,* and *Mr. Elmer J. Bennett*), and *Mr. Edmund J. Fixman* (of the New York bar), for the complainants-respondents.

*Messrs. Hood, Lafferty & Campbell* (*Mr. Charles Danzig*), for the defendant-appellant.

The opinion of the court was delivered by

WOLFSKEIL, J.

The complainants brought this suit in the Court of Chancery primarily to surcharge the defendant for losses alleged to have been sustained through investments by the defendant

as trustee under the will of the late Governor Franklin Murphy. It is averred that about ninety-eight per cent. of the estate, approximately $1,471,000 was invested in guaranteed mortgages or mortgage participation certificates, issued for the most part by the Fidelity Union Title and Mortgage Guaranty Company, in which defendant held stock, and which it virtually controlled through the fact that its own directors were also directors in the investment company, the charge being made that the defendant thus as trustee dealt in its own securities, evincing lack of the care requisite under the circumstances, and constituting illegal investments, which occasioned heavy losses through the subsequent insolvency of the Fidelity Union Title and Mortgage Guaranty Company.

Defendant answered at length, denying the charges, asserting it used due and normal care in the exercise of its best judgment, and that numerous accounts were filed detailing these investments, to which no exception was taken. The answer in addition generalized as to the customary procedure of defendant in its trust capacities and concerning the public acceptability of the type of the investments it selected.

On motion of the complainants numerous portions of the defendant's answer was stricken. Coincidental with this, two orders were made permitting amendments to the complaint in relation to the portions of the answer that were stricken. The defendant took recourse to the availability under these orders and amended its answer accordingly. While thus resorting to the privilege of amendment extended in the orders that were related to the striking out of portions of the answer, the defendant nevertheless and at the same time appeals from the order which struck those parts of the answer.

A study of the parts of the answer in question inclines us to uphold the order. The stricken portions were largely evidential in form and hence not properly part of the pleadings. Some of them dwelt on what the defendant regarded as the tacit approbation of its course as a matter of general policy, and quite patently the issues raised did not revolve about its general conduct, but concerned themselves with specific charges. The stricken matter in this category was irrelevant.

Much of the stricken parts were repetitious and redundant, merely reiterating in other guises what had already been included in the answer, and with respect to which ample latitude was provided for the presentation of defendant's defense at the ultimate hearing. No harm therefore inured to defendant by reason of the order.

In addition to the merit of the order itself, defendant is precluded from this appeal because defendant in substance took the position of subscribing to the order to strike when it filed the consonant amendments to its answer. It is incongruous for a litigant to accept the benefits of an order and contemporaneously to attack the associated decision from which the order emanates. This court has held that an appeal must be consistent. A manifest inconsistency arises when amendments to an answer are made in conformity with an order of the court, and at the same time the essence of that order is assailed by appeal. *Krauss* v. *Krauss, 74 N. J. Eq. 417.*

The order of the Court of Chancery is accordingly affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.